The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD AND GLORIA WHITE, | Case No. C09-1439 MJP |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| BMW OF SEATTLE, et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiffs' response to this Court's Order to Show Cause. (Dkt. No. 9.) The Court, having reviewed the response and the balance of the record, hereby DISMISSES this matter without prejudice for lack of subject matter jurisdiction.

**Background**

On November 5, 2009, Plaintiffs filed their Complaint under seal. (Dkt. No. 6.) The Complaint did not specifically describe how this Court has jurisdiction over the dispute. In fact, the heading of the complaint addresses the pleading the Superior Court of the State of Washington for the County of King. (Id.) On November 25, 2009, this Court issued an Order to

Show Cause, asking Plaintiffs to describe how this United States District Court has jurisdiction over their claims. On December 3, 2009, Plaintiffs complied with the Court's request and filed a response.

**Discussion**

Unlike state courts, which are usually courts of general jurisdiction, federal courts are courts of limited subject matter jurisdiction. See Charles Alan Wright, Arthur R. Miller, et al., 13 Federal Practice and Procedure § 3522 (3d ed.) (collecting cases). The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. Id. In general, federal jurisdiction exists when either (1) a claim arises under the Constitution and laws of the United States or (2) suits arise between citizens of different states and the amount in controversy exceeds $75,000. See Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other non-exhaustive categories of subject matter jurisdiction); see also 28 U.S.C. §§ 1331, 1332. If a federal court determines it lacks subject matter jurisdiction at any time during a dispute, that court must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Rosales v. United States, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

Plaintiffs' response identifies a number of alleged harms, but does not describe why this matter should be heard in federal court. It does not identify a specific federal statute or Constitutional provision that would grant jurisdiction, nor does it allege the parties are citizens of different states. (See Dkt. No. 9.) The Court reads the reference to "unfair and deceptive practice[s]" as an invocation of Washington's Consumer Protection Act. (Dkt. No. 9 at 5.) Since it does not appear that this is a dispute between diverse litigants, the appropriate forum for this dispute is state court.

## Conclusion

Because it appears as if this Court lacks jurisdiction over this dispute, the matter is hereby DISMISSED without prejudice. Plaintiffs are, of course, free to file this suit in Superior Court.

The Clerk shall mail a copy of this Order to Plaintiffs.

Dated this 7th day of December, 2009.

Marsha J. Pechman
United States District Judge